**Johnny LEE, Appellant,**

v.

**Raymond W. HENDERSON et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 5, 1960.

Shumate & Shumate, Irvine, for appellant.

J. Marshall McCann, Lexington, John W. Walker, Irvine, for appellees.

CLAY, Commissioner.

Plaintiff appellant sought damages from defendant appellees for personal injuries

and property damage sustained when defendants' automobile struck plaintiff's taxicab. A jury awarded plaintiff $500 for damage to his taxi and allowed nothing for personal injuries.

On this appeal plaintiff raises several questions which have no bearing on the correctness of the judgment. For example, both the pleading question and the right of the plaintiff to a directed verdict on the issue of liability were settled in plaintiff's favor by the jury verdict. Plaintiff's objection to the argument of defendants' counsel is likewise without merit. The significant questions in the case are whether or not the court properly advised the jury that they could award plaintiff property damages without awarding damages for personal injuries, and whether or not the verdict, which conformed to this ruling of the court, was flagrantly against the evidence.

Defendants' automobile, which was not properly parked on Broadway Street in Irvine, coasted downgrade and struck plaintiff's parked taxicab in the rear. The speed of the moving vehicle was estimated at from 8 to 15 miles an hour. Plaintiff, who was seated in the taxicab, claims the impact caused a whiplash injury to his neck. He sought $36,000 in damages.

The repair bill for putting the taxicab in operating condition was $49.50. The jury awarded $500 for this damage.

Plaintiff testified that he had not suffered pain or limited motion in his neck prior to his injury, but thereafter he suffered extremely. He called two doctors to testify to his condition. They testified that X-rays and other evidence indicated an arthritic condition which would cause pain. They found no objective symptoms of injury. One doctor testified that, giving the plaintiff the benefit of the doubt, his arthritis could have been lighted up to a certain extent by the injury. This doctor testified: "Other than that, I can't feel he had anything that would give him appreciable disability and I think this, it is a

very questionable feature". He did say he thought the plaintiff "sprained his neck". Plaintiff's arthritic condition had developed before the accident.

The other doctor found a tightness or stiffness of the plaintiff's neck muscles. He said the arthritic condition may or may not cause a person to have symptoms of pain as the result of an injury such as plaintiff claimed to have suffered.

Two witnesses testified that shortly after the accident plaintiff stated he wasn't hurt and his taxi was hurt more than he was.

After the jury had been sent out, a member thereof returned to ask the court if the jury could find damages to the car and nothing on the remainder of the items of damage. The court advised the juror that they could so find. This was in open court and no question is raised as to the propriety of the procedure.

■ There is a slight discrepancy in the affidavits filed by plaintiff's and defendants' counsel concerning the question asked by the juror. If the different versions of what transpired had any material significance, it was the duty of the plaintiff to have the court settle the matter under CR 75.08. This not having been done, and the court having twice considered the propriety of what transpired (on two motions), we will accept this version of what happened: The juror asked if they could find damages to the car and nothing else. The court advised the juror that if the jury believed plaintiff was not injured in the accident, they could award property damages and nothing on the other items. This the jury did.

■ In view of the nature of this accident, the relatively slow speed of defendants' automobile, and the amount of the repair bill, the jury could properly find that this was not a serious accident. The medical evidence fell short of proving with any degree of certainty that plaintiff's subjective suffering was actually caused by this accident. There was certainly evidence

that it was, but there was also evidence from which the jury could reasonably conclude that the plaintiff did not suffer such an injury as would justify compensation. The trial court properly advised the jury it could so find.

There is nothing to indicate the jury was swayed by passion or prejudice because it did make a most liberal award for property damage. It is evident from the verdict that the jury found plaintiff would be adequately compensated by this award for all damages he sustained as a result of this accident.

Plaintiff contends that this was some sort of special verdict and that the jury intended to award property damages and leave to somebody else the finding of other damages. This contention has no support in the record.

The judgment is affirmed.